Ryan K. Brown
Benton County Prosecuting Attorney's Office
7122 W. Okanogan Place, Bldg. A
Kennewick, WA 99336
Phone: 509.735.3591

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GREENFIELD, ET AL., <br><br> Plaintiffs, <br><br> vs. <br><br> BRENNER, ET AL., <br><br> Defendants. | NO. CV-05-5120-LRS <br><br> **MEMORANDUM IN SUPPORT OF MOTION TO QUASH SERVICE AND DISMISS BENTON COUNTY; MOTION TO DISMISS ALL CLAIMS AGAINST THE BENTON COUNTY PLANNING/BUILDING DEPARTMENT AND GARY BRENNER, ELISA VINING, CRAIG STILWILL, TERRY MARDEN, STEVE BROWN, AND ANDY MILLER IN THEIR OFFICIAL CAPACITIES; AND TO DISMISS PLAINTIFFS' SECOND, THIRD AND ELEVENTH CAUSES OF ACTION AGAINST THE ABOVE DEFENDANTS AND AGAINST DEFENDANTS GARY BRENNER, ELISA VINING, CRAIG STILWILL, AND STEVE BROWN IN THEIR INDIVIDUAL CAPACITIES** |

This memorandum is submitted on behalf of Benton County, the Benton County Planning/Building Department, Terry Marden and Andy Miller, both in their official capacities, and Gary Brenner, Elisa Vining, Craig Stilwill, and Steve Brown in both their official and individual capacities (all such defendants hereinafter referred to collectively, as "the County defendants"), in support of their various motions to quash service and dismiss under Civ.R. 12(b)(5)

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 1

BENTON COUNTY PROSECUTING ATTORNEY
7122 West Okanogan Place, Bldg. A
Kennewick, Washington 99336
(509) 735-3591

and to dismiss under Civ.R. 12(b)(6).

## I. FACTS/ALLEGATIONS IN COMPLAINT

**A. IDENTIFICATION OF DEFENDANTS.**

Plaintiffs have named 18 separate identifiable defendants and 50 unknown defendants. Complaint, pp. 1 and 4-7. The County defendants constitute 12 of the identifiable defendants. <u>Id</u>. Benton County is named as a defendant, as well as one of its departments, the Planning/Building Department. <u>Id</u>. Additionally, plaintiffs have named the following six persons as defendants in their "official capacities" as alleged employees and/or officers of Benton County: Gary Brenner, Benton County code enforcement officer; Elisa Vining, Benton County Deputy Prosecuting Attorney; Craig Stilwill, Benton County District Court Commissioner; Terry Marden, Benton County Planning Director; Steve Brown, supervisor in building department; and Andy Miller, Benton County Prosecuting Attorney. Compl., ¶¶15, 25, 30, 34-35, 37-38.

Plaintiff has also named the following four County employees as defendants in his or her "individual capacity": Gary Brenner; Elisa Vining; Craig Stilwill; and Steve Brown. Compl., pp. 1 and 6-7. Six other persons or entities have also been named that are not County defendants. <u>See</u> Compl., p. 1.

**B. THREE OF PLAINTIFFS CLAIMS ARE BASED ON ALLEGED VIOLATIONS OF FEDERAL CRIMINAL LAWS.**

Plaintiffs have alleged thirteen causes of action against each defendant. Compl., ¶¶68-106. Plaintiffs' Second Claim seeks damages and an injunction of some sort based upon an alleged "conspiracy" by all defendants to: (a) interfere with plaintiffs

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 2

BENTON COUNTY PROSECUTING ATTORNEY
7122 West Okanogan Place, Bldg. A
Kennewick, Washington 99336
(509) 735-3591

"free exercise of their rights as [property] owners" in violation of 18 U.S.C. § 241; and (b) "deprive Plaintiffs of rights, privileges and immunities secured by the Constitution specifically prohibited pursuant to Title 42 U.S. § 1985(3)". Compl., ¶¶72-72 [sic].[1]

Plaintiffs Third Claim for "punitive damages" is based upon alleged

> 'conduct [] committed in an oppressive manner' with intent to threaten and intimidate Plaintiffs in their free exercise of their constitutional rights . . . under the Equal Protection Clause . . .

in violation of 18 U.S.C. § 242. Compl., ¶¶75-76.

Plaintiffs Eleventh Claim is against all defendants for injunctive relief and damages based upon an alleged violation of the Hobbs Act., 18 U.S.C. § 1951. Compl., ¶99. The alleged facts underlying this alleged violation are that defendants conspired to prevent Plaintiffs' use of a wind turbine to produce electricity and to commit "extortion under color of right." Id.

**C. THE SUMMONS DIRECTED TO BENTON COUNTY WAS SERVED UPON A RECEPTIONIST IN THE BENTON COUNTY PROSECUTOR'S OFFICE.**

On December 27, 2005, the Court issued a Summons directed to the "County of Benton, Washington." Plaintiffs filed that Summons with the Court on January 9, 2006, along with a return of service. The return of service was executed by Mary Sluyter on December 28, 2005. Ms. Sluyter declared under oath that she left copies of that Summons and Complaint

---

[1] Plaintiffs have numbered three separate paragraphs as paragraph 72. Their "conspiracy" allegations are set forth in these three paragraphs, collectively.

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 3

BENTON COUNTY PROSECUTING ATTORNEY
7122 West Okanogan Place, Bldg. A
Kennewick, Washington 99336
(509) 735-3591

1 | at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein. County of Benton in its municipal capacity at 7122 W. Okanogan Place, Box G Kennewick WA. 99336. The name of the person with whom the summons and complaint were left: Heather Ramey receptionist for County of Benton Washington.

See Summons and Return of Service on defendant Benton County on file with Court.

## II. STANDARD OF REVIEW

**A. MOTION TO QUASH AND DISMISS UNDER CIV.R. 12(b)(5).**

Federal courts do not have personal jurisdiction over defendants unless they are served properly under Civil Rule 4. See Civ.R. 4(c); Direct Mail Specialists, Inc. v. Eclat Computerized Tech., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Without compliance with Rule 4, mere notice to the defendant does not provide personal jurisdiction. Id. Civil Rule 12(b)(5) permits a defendant to challenge a plaintiff's method of service. See e.g., Cranford v. US, 359 F.Supp.2d 981, 984 (E.D. Cal. 2005). When service is challenged, the plaintiff bears the burden to demonstrate valid service. Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993). Where service is not demonstrated to be sufficient, the purported service shall be quashed and the Court may dismiss the action against such defendant. See e.g., Montalbano v. Easco Hand Tools, Inc., 766 F.2d 737, 740 (2nd Cir. 1985); Cranford, 359 F.Supp.2d at 984.

**B. MOTION TO DISMISS UNDER CIV.R. 12(b)(6).**

With respect the motions under Civ.R. 12(b)(6), the Court must "accept as true the facts alleged in the complaint." Zimmerman v. Or. Dep't of Justice, 170 F.3d 1169, 1171 (9th Cir. 1999), cert.

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 4

BENTON COUNTY PROSECUTING ATTORNEY
7122 West Okanogan Place, Bldg. A
Kennewick, Washington 99336
(509) 735-3591

*denied*, 531 U.S. 1189 (2001). However, it is only those facts alleged in a complaint that may be considered. "The Court may not . . . take into account additional facts asserted in a memorandum opposing the motion to dismiss . . . ." *Schneider v. Cal. Dep't of Corrections*, 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998)(quoting Vol. 2 *Moore's Federal Practice*, § 12.34[2] (Matthew Bender 3d ed.)).

Dismissal of a claim or a defendant under Civ.R. 12(b)(6) as a matter of law is appropriate if the complaint reflects: (1) a lack of cognizable legal theory; or (2) insufficient facts under a cognizable legal claim. *See e.g.*, *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). Further, such dismissal must be with prejudice and without leave to amend if the deficiency or deficiencies in the complaint cannot be cured by amendment. *See e.g.*, *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)(affirming dismissal pursuant to Civ.R. 12(b)(6) with prejudice and without leave to amend when any proposed amendment would be futile), *cert. denied*, 502 U.S. 921 (1991).

### III. ARGUMENT

**A. THE BENTON COUNTY PLANNING/BUILDING DEPARTMENT IS NOT A DEFENDANT AGAINST WHOM RELIEF MAY BE GRANTED.**

The US Supreme Court has acknowledged that municipal departments are merely arms of the local government and have "no greater separate identity from the [local government]" than do individual officers of the government entity acting in their official capacity. *Brandon v. Holt*, 469 U.S. 464, 472 (1985). Based on *Brandon* and its progeny, federal courts have routinely and matter-of-factly held that because departments of municipal

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 5

BENTON COUNTY PROSECUTING ATTORNEY
7122 West Okanogan Place, Bldg. A
Kennewick, Washington 99336
(509) 735-3591

entities have no identity independent of the municipalities themselves, such departments cannot be sued separately. See e.g., Vance v. Santa Clara Co., 928 F.Supp. 993, 996 (N.D. Cal. 1996) (dismissing Santa Clara Department of Corrections as an improper defendant); Stump v. Gates, 777 F.Supp. 808, 816 (D. Colo. 1991) (dismissing police department and coroner's office because not legal entities separate from city and county), aff'd, 986 F.2d 1429 (10th Cir. 1993); Kujawski v. Bd. of Comm'rs of Bartholomew Co., 999 F.Supp. 1234, 1237 (S.D. Ind. 1998), rev'd on other grounds, 183 F.3d 734 (7th Cir. 1999); Post v. City of Fort Lauderdale, 750 F.Supp. 1131, 1132 (S.D. Fla. 1990)(dismissing police department and planning department).

Under Washington law, there is no provision authorizing county planning departments to sue or be sued in their own name separate and distinct from the counties creating such departments under RCW 36.70.040. See Chapter 36.70 RCW. Each county is authorized to sue and be sued, not their respective planning departments. See RCW 4.96.010; RCW 36.120(6).

Consequently, consistent with the cases cited above, the Benton County Planning/Building Department should be dismissed with prejudice from this lawsuit pursuant to Civ.R. 12(b)(6). The plaintiffs have named Benton County as a defendant, and its planning department is not an entity subject to suit separate and apart from Benton County.

**B. WHEN OFFICIALS ARE SUED IN THEIR OFFICIAL CAPACITY AND THE MUNICIPALITY THEY REPRESENT IS ALSO SUED, SUCH CLAIMS AGAINST THE OFFICERS ARE DUPLICATIVE AND SHOULD BE DISMISSED.**

Personal capacity suits seek to impose personal liability upon

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 6

BENTON COUNTY PROSECUTING ATTORNEY
7122 West Okanogan Place, Bldg. A
Kennewick, Washington 99336
(509) 735-3591

a government official for actions he or she takes under color of law. <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985)(holding that governmental entity not liable for damages or attorney fees when judgment was entered against government official sued in his or her personal, or individual, capacity). In contrast, official capacity suits "represent only another way of pleading an action against an entity of which an officer is an agent." <u>Graham</u>, 473 U.S. at 165 (quoting <u>Monell v. New York City Dep't of Social Servs.</u>, 436 U.S. 658 (1978)). An official capacity suit is "*not* a suit against the official personally, for the real party in interest is the entity." <u>Graham</u>, 473 U.S. at 165 (emphasis in original). Consequently, damage awards against defendants sued in their official capacity must be collected from the government entity, while damage awards against defendants sued in their personal capacity may be collected from their personal assets. <u>Id</u>.

Therefore, there is no reason to allow plaintiffs to maintain an action against both a governmental entity and one or more of its officers in their official capacities. Suing both the entity and its officers in their official capacities is equivalent to naming the same defendant more than one time. Thus, to avoid duplication of claims, documents and pleadings and to prevent the waste of public funds for increased attorneys fees, federal courts routinely grant motions to dismiss officers sued in their official capacity when the governmental entities that they serve are also named. <u>See e.g.</u>, <u>Vance</u>, 928 F.Supp. at 996 (dismissing correctional officers to extent sued in their official capacity when county for which they worked also named as defendant); <u>Rosa R. v. Connelly</u>, 889 F.2d

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 7

BENTON COUNTY PROSECUTING ATTORNEY
7122 West Okanogan Place, Bldg. A
Kennewick, Washington 99336
(509) 735-3591

435, 437 (2nd Cir. 1989)(dismissing superintendent of schools sued in his official capacity because board of education was real party in interest), cert. denied, 496 U.S. 941 (1990); Carnell v. Grimm, 872 F.Supp. 746, 752 (D. Haw. 1994)(dismissing the duplicative claims against police officers in their official capacity when entity also named), aff'd in part and appeal dismissed in part, 74 F.3d 977 (1996); Quiroz v. Licalsi, slip op. at p. 30 (2005 WL 3283708) (E.D. Cal. 2005) (dismissing as redundant and duplicative claims against district attorney in his official capacity made concurrently with claim against county); Ebelt v. County of Ogemaw, 231 F.Supp.2d 563, 568 (E.D. Mich. 2002)(dismissing official capacity claims against two county commissioners when named both individually and in official capacity along with the county they represent).

At least one court has held that for similar reasons plaintiffs cannot sue an official in his or her official capacity *in lieu* of suing the governmental entity that he or she represents. In Luke v. Abbott, 954 F.Supp. 202, 204 (C.D. Cal. 1997), the Court held that

> it is no longer necessary or proper to name as a defendant a particular local government officer acting in official capacity. . . . A plaintiff cannot elect which of the defendant formats to use. If both are named, it is proper upon request for the Court to dismiss the official-capacity officer, leaving the local government entity as the correct defendant. If only the official-capacity officer is named, it would be proper for the Court upon request to dismiss the officer and substitute instead the local government entity as the correct defendant.

Thus, in Luke the Court denied the plaintiff's motion to allow it to choose whether to name district attorney in his official

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 8

BENTON COUNTY PROSECUTING ATTORNEY
7122 West Okanogan Place, Bldg. A
Kennewick, Washington 99336
(509) 735-3591

capacity or to name the county for which he was district attorney. Id. at 204.

In this matter, the Greenfields and Ms. Logsdon have named Benton County as well as six of its officers in their official capacity. For the reasons set forth above, pursuant to Civ.R. 12(b)(6) all claims against defendants Miller, Brown, Marden, Stilwill, Vining and Brenner in their official capacity should be dismissed with prejudice. Benton County is the real party in interest with respect to those claims, and the plaintiffs should be required to proceed solely against Benton County.

**C. PLAINTIFFS' SERVICE ON BENTON COUNTY SHOULD BE QUASHED AND THE COUNTY DISMISSED UNDER CIV.R. 12(b)(5) DUE TO PLAINTIFFS' FAILURE TO PROPERLY SERVE THE SUMMONS AND COMPLAINT.**

Under Civ.R. 4(j), service of a summons and complaint shall be made on a state, municipal corporation and other governmental organizations by service as prescribed by state law or by service upon the chief executive officer, if one, of such entity. Washington law requires that in actions against counties, service shall be by delivering a copy of the summons and complaint to the county auditor or, during normal business hours, to the deputy auditor. RCW 4.28.080(1). Washington law does not designate a "chief executive officer" position for counties. See WASH. CONST., art. XI § 5. Therefore, service must be made on the County Auditor pursuant to RCW 4.28.080(1). Cf. Allison v. Utah Co. Corp'n, 335 F.Supp.2d 1310, 1313 (D. Utah 2004).

The return of service upon defendant Benton County filed in this case on January 9, 2006, indicates that service of Benton County's summons and complaint was made by leaving copies with a

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 9

BENTON COUNTY PROSECUTING ATTORNEY
7122 West Okanogan Place, Bldg. A
Kennewick, Washington 99336
(509) 735-3591

person named Heather Ramey, a receptionist employed at 7122 W. Okanagan Place, Box G, Kennewick, WA 99336. Plaintiffs do not claim that Ms. Ramsey is the Benton County Auditor. Further, her alleged position as a receptionist certainly is not akin to that of a chief executive officer.

Consequently, Benton County has not been properly served in this matter. The return of service of the Summons for Benton County should therefore be quashed, and Benton County respectfully requests that all claims against it be dismissed.

**D. PLAINTIFFS SECOND CLAIM FOR AN ALLEGED CONSPIRACY SHOULD BE DISMISSED WITH RESPECT TO ALL COUNTY DEFENDANTS.**

Plaintiffs assert a claim for relief for "conspiracy" based upon alleged violations of two federal statutes: 18 U.S.C. § 241 and 42 U.S.C. § 1985(3). Compl., ¶¶71-73.

**1. As a Matter of Law, 18 U.S.C. § 241 Does Not Provide a Basis for Civil Liability.**

Plaintiffs allege that the "jury can award damages and injunctive relief [against all defendants] pursuant to 18 U.S.C. § 241 . . . ." Compl., ¶72. However, it is well settled that 18 U.S.C. § 241 is solely a criminal code provision and "provide[s] no basis for civil liability." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980); accord, Clark, v. Glendale Union High School Dist., slip op. at p. 2 (2006 WL 58025)(D. Ariz. 2006). Consequently, as a matter of law plaintiffs cannot maintain a cause of action against the County defendants based on any violation of 18 U.S.C. § 241.

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 10

BENTON COUNTY PROSECUTING ATTORNEY
7122 West Okanogan Place, Bldg. A
Kennewick, Washington 99336
(509) 735-3591

**2. Plaintiffs Have Failed to Allege a Cause of Action Under 42 U.S.C. § 1985(3) Because There Has Been No Alleged Class-Based, Invidious Discriminatory Actions Against Members of a Protected Class.**

To state a claim for relief under 42 U.S.C. § 1985(3), plaintiffs must allege the following four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29, reh'g denied, 464 U.S. 875 (1983). The referenced second element requires an intent to deprive persons of equal protection of the law or equal privileges under the law that is "motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Id. at 829 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)).

The Ninth Circuit has interpreted the "class-based" discrimination requirement as allowing § 1985(3) claims to extend

> beyond race [discrimination] 'only when the class in question can show that there has been a governmental determination that [the class] members 'require and warrant special federal assistance in protecting their civil rights.''

Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992)(holding no cause of action as a matter of law for allegations of conspiracy to deprive those who testify before Congress from their protected right to petition Congress for redress). This analysis is consistent with the background rule that § 1985(3) "is not to be construed as a general federal tort law." Id. at 1536

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 11

BENTON COUNTY PROSECUTING ATTORNEY
7122 West Okanogan Place, Bldg. A
Kennewick, Washington 99336
(509) 735-3591

(quoting <u>Gerritsen v. de la Madrid Hurtado</u>, 819 F.2d 1511, 1518-19 (9th Cir. 1987)).

Based on these rules of law, the Ninth Circuit has, by way of example, denied § 1985(3) claims as a matter of law by plaintiffs alleging conspiracies to discriminate against homosexuals, Holocaust revisionists and a coalition of state representatives. <u>See</u> <u>Sever</u>, 978 F.2d at 1537 (citations to cases set forth therein).

The Greenfields and Ms. Logsdon have failed to allege that they are members of *any* class subject to an alleged conspiracy with invidiously discriminatory animus, and certainly have not alleged they are members of any class that Congress has determined warrants special civil rights protection. Therefore, all the County defendants respectfully request that plaintiffs Second Claim for Conspiracy be dismissed pursuant to Civ.R. 12(b)(6). <u>See</u> <u>United Screeners Ass'n Local One v. City and Co. of San Francisco</u>, slip op. (2005 WL 2671384)(N.D. Cal 2005)(granting 12(b)(6) motion to dismiss due to failure to allege protected class status).

**E. PLAINTIFFS THIRD CLAIM FOR VIOLATION OF 18 U.S.C. § 242 IS NOT A COGNIZABLE LEGAL THEORY AND MUST BE DISMISSED WITH PREJUDICE AGAINST ALL COUNTY DEFENDANTS.**

Plaintiffs Third Claim is for a deprivation of civil rights under color of law in violation of 18 U.S.C. § 242. <u>See</u> Compl., ¶¶77-78. This is a federal criminal statute and provides no basis for civil liability. <u>See e.g.</u>, <u>Aldabe</u>, 616 F.2d at 1092. Because any amendment of the Complaint regarding this cause of action would be futile, dismissal of this cause of action should be with prejudice and without leave to amend. <u>See</u> <u>Reddy</u>, 912 F.2d at 296. Further, plaintiffs still have pending their Seventh Claim

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 12

BENTON COUNTY PROSECUTING ATTORNEY
7122 West Okanogan Place, Bldg. A
Kennewick, Washington 99336
(509) 735-3591

similarly alleging a deprivation of rights under 42 U.S.C. § 1983.

**F. PLAINTIFFS ELEVENTH CLAIM FOR VIOLATION OF 18 U.S.C. § 1951 IS NOT A COGNIZABLE LEGAL THEORY AND MUST BE DISMISSED WITH PREJUDICE AGAINST ALL COUNTY DEFENDANTS.**

Plaintiffs Eleventh Claim is for extortion in violation of 18 U.S.C. § 1951. See Compl., ¶¶98-100. This too is a federal criminal statute, and the courts that have addressed the issue have uniformly held that it provides no basis for civil liability. See e.g., Wisdom v. First Midwest Bank, 167 F.3d 402, 408-09 (8th Cir. 1999); Creech v. Fed'l Land Bank, 647 F.Supp. 1097, 1099 (D. Colo. 1986). Again, because any amendment regarding this cause of action would be futile, dismissal of plaintiffs' Eleventh Claim should be with prejudice and without leave to amend. See Reddy, 912 F.2d at 296.

**G. PLAINTIFFS SHOULD BE ORDERED TO COMPLY WITH LR 3.2 OR HAVE THEIR TWELFTH CLAIM DISMISSED.**

Plaintiffs' Twelfth Claim is for relief against all defendants for an alleged "violation of Civil RICO" and relief under the RICO statutes of 18 U.S.C. §§ 1964(a) and (c). Compl., ¶102. As such, plaintiffs were obligated to file and serve a RICO Case Statement within ten days of completion of filing and service of their complaint. LR 3.2. To date, there has been no filing or service on the County defendants of the required RICO Case Statement.

The County defendants hereby request that the Court issue an order requiring filing and service of the RICO Case Statement within ten days of completion of valid service on each defendant and that the Twelfth Claim be dismissed with prejudice if plaintiffs fail to do so.

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 13

BENTON COUNTY PROSECUTING ATTORNEY
7122 West Okanogan Place, Bldg. A
Kennewick, Washington 99336
(509) 735-3591

Dated this 18th day of January, 2006.

                                  ANDY MILLER
                                  Prosecuting Attorney


                                  By  _s/Ryan K. Brown_____
                                  RYAN K. BROWN, Chief Deputy (Civil)
                                  Prosecuting Attorney
                                  WSBA # 19837
                                  Attorneys for Benton Co. Defendants
                                  Benton County Prosecutor's Office
                                  7122 W. Okanogan Place
                                  Kennewick, WA 99336
                                  Telephone: (509) 735-3591
                                  Fax: (509) 222-3705
                                  Email: ryan.brown@co.benton.wa.us

## DECLARATION OF SERVICE

I certify that I served, in the manner indicated below, a true and correct copy of the foregoing document as follows:

| | |
|---|---|
| Gerry Greenfield, Jr.<br>P.O. Box 6333<br>Kennewick, WA 99336 | **X** U.S. Regular Mail, Postage Prepaid<br>◯ Legal Messenger<br>◯ Overnight Express<br>◯ Facsimile<br>◯ Electronic Notice Via ECF |
| Gerry Greenfield III<br>3324 NE 6th Place<br>Renton, WA 98056 | **X** U.S. Regular Mail, Postage Prepaid<br>◯ Legal Messenger<br>◯ Overnight Express<br>◯ Facsimile<br>◯ Electronic Notice Via ECF |
| Elizabeth Logsdon<br>1114 W. 10th Ave. P-205<br>Kennewick, WA 99336 | **X** U.S. Regular Mail, Postage Prepaid<br>◯ Legal Messenger<br>◯ Overnight Express<br>◯ Facsimile<br>◯ Electronic Notice Via ECF |
| Nicole Greenfield<br>1114 W. 10th Ave. L-205<br>Kennewick, WA 99336 | **X** U.S. Regular Mail, Postage Prepaid<br>◯ Legal Messenger<br>◯ Overnight Express<br>◯ Facsimile<br>◯ Electronic Notice Via ECF |
| Christopher W. Tompkins<br>BETTS, PATTERSON & MINES, P.S.<br>One Convention Place, Ste. 1400<br>701 Pike Street<br>Seattle, WA 98101-3927 | ◯ U.S. Regular Mail, Postage Prepaid<br>◯ Legal Messenger<br>◯ Overnight Express<br>◯ Facsimile<br>**X** Electronic Notice Via ECF |

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 14

BENTON COUNTY PROSECUTING ATTORNEY
7122 West Okanogan Place, Bldg. A
Kennewick, Washington 99336
(509) 735-3591

| | |
|---|---|
| Dan F. Hultgrenn<br>KUFFEL, HULTGRENN, KLASHKE & SHEA, LLP<br>1915 Sun Willows<br>Pasco, WA 99301 | **G** U.S. Regular Mail, Postage Prepaid<br>**G** Legal Messenger<br>**G** Overnight Express<br>**G** Facsimile<br>**X** Electronic Notice Via ECF |
| Kristina L.J. McKennon<br>FLYNN, MERRIMAN & PALMER, P.S.<br>830 N. Columbia Center Blvd., Ste. A<br>Kennewick, WA 99336 | **G** U.S. Regular Mail, Postage Prepaid<br>**G** Legal Messenger<br>**G** Overnight Express<br>**G** Facsimile<br>**X** Electronic Notice Via ECF |

DATED this 18th day of January, 2006, at Kennewick, Washington.

                                        S/Ryan K. Brown
                                        RYAN K. BROWN

MEMORANDUM IN SUPPORT OF MOTION
TO DISMISS AND TO QUASH SERVICE - 15