UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| GERRY GREENFIELD, JR.; GERRY GREENFIELD, III; ELIZABETH LOGSDON; and NICOLE GREENFIELD, | ) ) ) ) | No. CV-05-5120-LRS<br><br>ORDER DIRECTING AMENDMENT OF COMPLAINT; DENYING PLAINTIFFS' MOTION TO RECUSE; DENYING PLAINTIFFS' APPLICATIONS FOR DEFAULT; DENYING PLAINTIFFS' MOTION TO STRIKE NOTICES OF APPEARANCES; DENYING PLAINTIFFS' MOTION TO VACATE SCHEDULING ORDER; GRANTING IN PART AND DENYING IN PART DEFENDANT BENTON COUNTY'S MOTION TO DISMISS PURSUANT TO RULE 12()(5) and (6); AND GRANTING DEFENDANTS McMILLEN AND HAMES, ANDERSON & WHITLOW'S MOTION TO DISMISS PURSUANT TO FED.R.CIV.P. 12(b)(5), *INTER ALIA*<br><br>***CLERK ACTION REQUIRED*** |
| Plaintiffs, | ) ) | |
| v. | ) ) | |
| GARY G. BRENNER in his official capacity; COUNTY OF BENTON, WASHINGTON in its municipal capacity; HAMES ANDERSON & WHITLOW, P.S. in its corporate capacity; ROBERT G. MCMILLEN, SBN 29831 in his corporate capacity; ELISA VINING in her official capacity; CRAIG EUGENE STILWILL in his official capacity; BENTON PUBLIC UTILITIES DISTRICT in its corporate capacity; STEPHEN B. HUNTER in his corporate capacity; BENTON COUNTY PLANNING/BUILDING DEPARTMENT in its municipal capacity; TERRY A. MARDEN, Director in his official capacity; STEVE BROWN, supervisor in his official capacity; ANDY MILLER in his official capacity; BERNICE KASKO in her individual capacity; GARY G. BRENNER in his individual capacity; ROBERT G. MCMILLEN in his individual capacity; ELISA VINING in her individual capacity; CRAIG EUGENE STILWILL in his individual capacity; STEVE BROWN in his individual capacity; and DOES 1 through 50 as their identities become known, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

ORDER DIRECTING AMENDMENT OF COMPLAINT, . . . . - 1

Before the Court are plaintiffs Greenfield and Logsdon's (Plaintiffs) motion for recusal, applications for entry of default against defendants, motions to strike various Notices of Appearances filed by defendants' attorneys, and motion to vacate the Clerk's scheduling order. (Ct. Rec. 81, 18-55, 56, 57, 63, 69, 77, 78).

Also before the Court are defendant Benton County's ("County") motions to quash service and dismiss the County pursuant to Federal Rule of Civil Procedure (Fed.R.Civ.P.) 12(b)(5); to dismiss as parties the County Planning/Building Department and named County employees in their official capacities; and to dismiss certain causes of action against the County employees in their individual capacities. (Ct. Rec. 15). Also, involving the same Complaint, are defendants Robert McMillen and law firm Hames, Anderson & Whitlow's (HAW) motion to dismiss pursuant to Fed.R.Civ.P. 12 (b)(5). (Ct. Rec. 8).

**BACKGROUND**

A.    Plaintiffs' Complaint

Plaintiffs' Complaint enumerates various claims characterized as Civil RICO and Civil Rights claims; trespass; conspiracy; violations of the Fourth, Fifth, and Sixth Amendments; violations of 42 U.S.C. § 1983; violations of the takings clause, the due process clause and the commerce clause; violation of the Hobbs Act; and violation of the equal protection clause of the Fourteenth Amendment. (Ct. Rec. 1 at 7-39). However, it is

impossible for this court to discern the factual basis upon which these claims are based. The Complaint is prolix and confusing and Plaintiffs have failed to give the court or defendants a clear concise statement of what circumstances have given rise to what claims and when. Plaintiffs have failed to comply with the general pleading rules requiring a short, clear statement of claims. *See McHenry v. Renne et al*, 84 F.3d 1172, 1178 (9th Cir. 1996). To allow compliance with Rule 8 and avoid the harsh remedy of dismissal under Rule 12, Plaintiffs are directed to amend the Complaint, as instructed more specifically below in this order.

B.   <u>Defendants</u>

Plaintiffs have named 18 separate identifiable defendants and 50 unknown defendants in their Complaint, filed December 27, 2005, in U.S. District Court, Richland, Washington. (Ct. Rec. 1). In addition to the County, Plaintiffs name the County Building/Planning Department, and the following County employees in their official capacity: Gary Brenner (County code enforcement officer); Elisa Vining (County deputy prosecuting attorney); Craig Stilwill (County district court commissioner), Terry Marden (County planning director); Steve Brown (building department supervisor); and Andy Miller (County prosecuting attorney)(collectively, "Named County Defendants"). (Ct. Rec. 1; Ct. Rec. 16 at 2). County defendants Brenner, Brown, Stilwill, and Vining are also named in their individual capacities.

ORDER DIRECTING AMENDMENT OF COMPLAINT, . . . - 3

Also named as defendants are Robert G. McMillen in his corporate and individual capacity and his law firm, HAW.  Mr. McMillen appears to be an attorney who represented Plaintiff Gerry Greenfield.  (Id. at 11-12).

Finally, Plaintiffs name the Benton County Public Utility District ("PUD"), Stephen B. Hunter in his corporate capacity, and Bernice Kasko in her individual capacity.  Mr. Hunter was and is an employee of the PUD, and Ms. Kasko appears to be a private citizen.  (Id. at 17, 24).

**DISCUSSION**

A.  <u>Plaintiffs' Motions</u>

In addition to their Complaint, Plaintiffs have filed: (1) a motion for recusal of the undersigned; (2) applications for default judgments against the defendants; (3) motions to strike notices of appearances by counsel; and (4) a Motion to Vacate the Clerk's Scheduling Order [sic].

1.  <u>Motion to Recuse</u>

On February 17, 2006, Plaintiffs filed a motion to recuse the undersigned for bias, prejudice, bribery, graft and conflict of interest pursuant to 28 U.S.C. § 144.  (Ct. Rec. 81).  Plaintiffs initially aver the undersigned is subject to recusal "for conduct and behavior committed, which demonstrates bias, prejudice, bribery to unlawfully benefit Members of the Washington State Bar ...."  (Ct. Rec. 81 at 1).  The remainder of the motion consists

of citations to case law, statutes, court rules and various conclusions by Plaintiffs regarding the undersigned's alleged actions, including a bold statement that "District court judge Suko did enter into a 'conspiracy' to accept a 'bribe' from attorneys Brown and Fitzgerald to unlawfully violate 18 U.S.C. § 1509. [sic] Obstruction of court orders, and did agree to allow Brown and Fitzgerald to **'ghost-write'** the decision of the court . . . ."   Other conclusory statements include that the undersigned, in return for a "bribe to fix the case" conspired with counsel for the PUD.  (Ct. Rec. 81 at 12).

Section 144 (Bias and Prejudice of Judge) provides that:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

> The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time.  A party may file only one such affidavit in any case.  It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144

The standard for recusal is whether a reasonable person with knowledge of all the facts would conclude the judge's impartiality might reasonably be questioned.  *Taylor v. Regents of the University of California*, 993 F.2d 710, 712 (9th Cir. 1993)(*citing*

ORDER DIRECTING AMENDMENT OF COMPLAINT, . . . - 5

*United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)).  To be sufficient, the affidavit must constitute a firm showing that the judge has a personal bias or prejudice to a party. *In re Martinez-Catala*, 129 F.3d 213, 218 (1st Cir. 1997).  The assertions must not be "frivolous or fanciful, but substantial and formidable." *See Berger v. United States*, 255 U.S. 22, 35, 41 S.Ct. 230 (1921).  As stated by the 7th Circuit, facts averred must be "sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions or rumors are insufficient." *United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993). (*Citations omitted*).  "Detail of 'definite time and place and character' are an absolute necessity to prevent the abuse of the statute. *Grimes v. U.S.*, 396 F.2d 331, 333 (9th Cir. 1968)(*citing Berger, supra* at 35 (abuse of § 144 can only be had by "making a false affidavit and a charge of and penalties of perjury restrain [an affiant] from that [abuse] . . .").

Generally, a judge is required to accept the truth of factual assertions of bias or prejudice. *Ronwin v. State Bar of Arizona*, 686 F.2d 692, 701 (9th Cir. 1981) *rev'sd on other grounds, Hoover v. Ronwin,* 466 U.S. 558, 104 S.Ct. 1989 (1984).  However, the Ninth Circuit has held where the accusations relate to facts "peculiarly within the judge's knowledge", and the judge knows the allegations to be false, recusal is unnecessary. *Id.* at 701.
///

ORDER DIRECTING AMENDMENT OF COMPLAINT, . . . - 6

Under §144, the undersigned has the responsibility in the first instance to determine if Plaintiffs have filed a "timely and sufficient affidavit."  If the affidavit is timely and sufficient on its face, then the motion for recusal must be assigned to another judge for determination on its merits. *U.S. v. Sibla*, 624 F.2d 864, 868 (9th Cir. 1980).  Here, Plaintiffs have not filed an affidavit, merely a motion and there is no good faith certificate of counsel of record as required by the statute.  Even if Plaintiffs' motion was not procedurally defective, and were considered an affidavit for purposes of § 144, the undersigned would find it insufficient.  Plaintiffs' conclusory assertions of bribery, graft, bias and conspiracy are unsupported by any detailed or definite facts.  The undersigned is fully aware that the averments of alleged misconduct are false and strongly denies Plaintiffs' unfounded accusations.  Because the motion is devoid of specific facts from which a reasonable mind may fairly infer personal bias or prejudice against Plaintiffs, the affidavit is legally insufficient on its face, and the motion for recusal is denied.

## 2.  Applications for Default

Plaintiffs, in their applications for default judgment filed January 18, 2006, claim they are entitled to default judgments against the defendants immediately, due to defendants' failure to answer to the Complaint and Summons within 20 days of being served.  (Ct. Recs. 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 46, 48, 50, 52, 54).  All defendants have filed responses

ORDER DIRECTING AMENDMENT OF COMPLAINT, . . . - 7

in opposition of entry of default.  (Ct. Recs. 60, 64, 75, 80).

Plaintiffs' demand for default judgments against the defendants is also misplaced.  Under Fed.R.Civ.P. 55(a), entry of a default is only appropriate if the party against whom the judgment is sought "has failed to plead or otherwise defend" as provided by the Rules.  Notwithstanding their defense of insufficient service, the County, McMillen and HAW filed a responses in the form of motions to dismiss in accordance to Fed.R.Civ.P. 12(b); therefore, they are not in default.  (Ct. Rec. 8, 15).  Further, entry of judgment by the clerk is only available if defendant has been defaulted for failure to appear and is not an infant or incompetent person.  Fed.R.Civ.P. 55(b)(1).  All defendants filed Notices of Appearance on or before January 12, 2006.  (Ct. Recs. 2, 3, 4, 5, 7, 67).

If the judgment party has appeared in the action, as is the case here, Plaintiffs are not entitled to a default judgment from the court, unless they serve the judgment party's representative "with written notice of the application at least three days prior to the hearing on such application." Fed.R.Civ.P. 55(b).  A failure to provide notice as required by Rule 55(b)(2) is considered a serious procedural error. *Wilson v. Moore and Associates, Inc.*, 564 F.2d 366, 369 (9th Cir. 1977).  No notice of hearing on the applications was filed by Plaintiffs.

As a general policy, default judgments are disfavored; cases

should be decided on their merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986). Here, all defendants have filed proper Notices of Appearances and have responded to the Complaint and Summons, either by a Rule 12(b) motion or Answer. (Ct. Rec. 8, 15, 43, 58, 68). They have all clearly indicated their intent to defend the case. Further, the court's decision to enter a default judgment is a discretionary one. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir. 1980). The fact that some of the defendants responded several days after the 20 days specified in Fed.R.Civ.P. 12(a) does not overcome the strong policy favoring decisions on the merits, and it does not relieve the Plaintiffs of the Rule 55(b)(2) notice and hearing requirements when seeking judgment by default from the Court. *Eitel, supra; see also In re Roxford Foods Inc.*, 12 F.3d 875 (9th Cir. 1993). Consequently, Plaintiffs' applications for default against all defendants are denied.

    3.    Motions to Strike Notices of Appearance

    In an apparent effort to avoid the Rule 55 notice requirement, Plaintiffs move to strike all Notices of Appearances (NOAs) filed by defendants' attorneys. (Ct. Recs. 56, 57, 63, 69). The County, McMillen and HAW, and Ms Kasko have filed responses in opposition of Plaintiffs motions to strike. (Ct. Recs. 64, 72, 75).[1]  Citing a Board of Immigration Appeal ("BIA")

---

    [1] Mr. Hultgrenn has withdrawn as counsel for the PUD, rendering Plaintiffs' Motion to Strike his NOA moot.(Ct. Rec. 67).

ORDER DIRECTING AMENDMENT OF COMPLAINT, . . . . - 9

case, Plaintiffs claim the NOAs are not in the proper form. (E.g., Ct. Rec. 69 at 2). BIA requires attorneys to make their appearances by submitting a specific form. *Singh v. INS*, 315 F.3d 1186, 1189 (9th Cir 2003). However, the Local Rules specifically state: "An appearance may be made by filing a formal notice of appearance. Alternatively, the filing of any pleading shall constitute an appearance by the attorney who signs the pleading." LR 83(2)(d). Neither Fed.R.Civ.P 5(a) nor LR 83(2)(d) prescribe a required form of appearance. Counsels' NOAs and withdrawal and substitution of counsel as filed are proper. (Ct. Recs. 2, 3, 4, 5, 7, 67). Plaintiffs' motions to strike counsels' NOAs are denied.

    4.   <u>Motion to Vacate Clerk's Scheduling Order</u>

    On February 8, 2006, Plaintiffs filed a "Plaintiff's Judicial Notice, FRCP Rule 201 [sic], Motion to Vacate Clerk's Scheduling Order [66]; Exhibits 4, 5, and 6; Demand that Record Be Corrected." (Ct. Rec. 77, 78). The purpose of Plaintiffs' reference to Fed.R.Evid. 201 is unclear, as Rule 201 governs the court's authority to take judicial notice of adjudicative facts during an evidentiary proceeding. It appears Plaintiffs may also be objecting to a telephonic conference. (Ct. Rec. 78 at 9). To the extent Plaintiffs are objecting to hearings set without oral argument, the hearing on defendants McMillen and HAW's Motion to

Dismiss set for February 17, 2006, was properly noted pursuant to LR 7.1 (h)(1) on January 17, 2006.  (Ct. Rec. 9).  Likewise, the hearing on the County's Motion to Dismiss set for February 21, 2006, was properly noted pursuant to LR 7.1 (h)(1) on January 18, 2006.  (Ct. Rec. 17).  There is nothing in the record to indicate Plaintiffs requested oral argument or contacted the court to request a new date prior to the hearing date.  *See* LR. 7.1 (h)(2).  Further, Plaintiffs did not file a memorandum of points and authorities in opposition to either motion; failure to do so may be considered by the court as consent to the entry of an order adverse to Plaintiffs.  LR 7.1(h)(5).

Contrary to Plaintiffs caption in their pleading, docket record 66 is the standard Clerk's Notice of the Court's Scheduling Conference, as required by LR 16.1.  (Ct. Rec. 77, 78). Plaintiffs provide no legal authority to support their contention that this Notice should be stricken from the record.  Local Rule 16.1 provides that "not later than 90 days after an action is commenced, the Clerk will send each attorney of record a Notice of Court's Scheduling Conference setting forth a time at which such conference will be held."  LR 16.1 (a).  The responsibilities of the parties thereafter are set forth in LR 16.1, Fed.R.Civ.P. 16 and in the Notice.  The Notice of Court's Scheduling Conference was filed on January 31, 2006, well within the 90 day requirement. (Ct. Rec. 66).  The scheduling conference is set for March 24,

ORDER DIRECTING AMENDMENT OF COMPLAINT, . . . - 11

2006 at 10:30 a.m.   The court has not yet entered a scheduling

order, which will be issued after the scheduling conference**;

therefore, Plaintiff's Motion to Vacate a scheduling order is

dismissed as moot.   Defendants have filed their attorney report as

required by LR 16.1.  (Ct. Rec. 84).   Plaintiffs are not in

compliance with LR 16.1.

B.    County's Motions to Dismiss

        The County moves the court to dismiss (1) the County

Building/Planning Department as a party; (2) the Named County

Defendants in their official capacity as parties; (3) the

Complaint as against the County based on Plaintiffs' improper

service; (4) those claims brought under 18 U.S.C. §§ 241, 242, and

1951; (5) those claims brought under 42 U.S.C. § 1985(3).  (Ct.

Rec. 16 at 6-7, 10, 12, 13). Plaintiffs did not respond to the

County's motion.   Pursuant to LR 7.1(h)(5), the court may consider

their lack of response as consent to the entry of an order adverse

to Plaintiffs' position.

        1.    Motion to Dismiss Named County Defendants and the County

              Building/Planning Department

        Plaintiffs claim the Named County Defendants are liable, in

addition to the County, for various unspecified actions they

allegedly took in their official capacity. (Ct. Rec. 1).   An

official capacity suit "represent[s] only another way of pleading

an action against an entity of which an officer is an agent."

ORDER DIRECTING AMENDMENT OF COMPLAINT, . . . - 12

*Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985)

(*quoting Monell v. Department of Social Services of City of New*

*York*, 436 U.S. 658, 98 S.Ct. 2018 (1978).   An official capacity

suit is "not a suit against the official personally, for the real

party in interest is the entity." *Graham*, 473 U.S. at 165.

Damage awards against defendants sued in their official capacity

must be collected from the government entity.   *Id*.   To include the

Named County Defendants in this action, where the County is named,

is unnecessary where the real party in interest is the County;

therefore, all claims against Named County Defendants are

dismissed with prejudice.

Regarding Plaintiffs' claims against the County

Building/Planning Department, the U.S. Supreme Court has held that

municipal departments, as arms of a local government, have "no

greater separate identity from the [local government] than do

individual employees acting in their official capacity. *Brandon*

*v. Holt*, 469 U.S. 464, 472, 105 S.Ct. 873 (1985)(*quoting Monell*,

436 U.S. at 658, 690 n.5).   Based on *Brandon,* federal courts have

held that municipal departments cannot be sued separately.   *See*

*e.g. Vance v. Santa Clara Co.*, 928 F.Supp. 993, 996 (N.D. Cal.

1996) (dismissing department of corrections as improper

defendant); *Stump v. Gates*, 777 F.Supp, 808, 815-16 (D.Colo.

1991)(police department has no legal identity separate from city

or county); *Post v. City of Fort Lauderdale*, 750 F.Supp 1131, 1132

(S.D.Fla. 1990)(police department and zoning/building department dismissed as parties).  Further, there is no state authority to bring suit against a county department separately from the county creating that department pursuant to RCW 36.70.040. *See RCW 4.96.010* (liability for tortious conduct of local government entities applies only to counties, cities, towns, special districts, municipal corporations as defined in RCW 39.50.010, quasi municipal corporations or public hospitals).  Because Plaintiffs have filed claims against a County department for which no relief may be granted, and an amendment would not remedy the defect, those claims are dismissed with prejudice.  Fed.R.Civ.P. 12(b)(6).

2.  <u>Motion to Quash Service and Dismiss Complaint</u>

The County requests dismissal of the Complaint against it due to improper service. (Ct. Rec. 15).  Service upon a municipal corporation or other governmental organization subject to suit "shall be effected by delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state . . ."  Fed.R.Civ.P. 4(j)(2).  In the State of Washington, service on a  municipal corporation is effected by delivering a copy of the  summons and complaint to the county auditor or, during normal business hours, to the deputy auditor.  RCW 4.28.080(1).  Here, the return of service filed by Plaintiffs on January 9, 2006,

indicates copies of the summons and complaint were left with a County receptionist named Heather Ramey at 7122 W. Okanagan Place, Box G, Kennewick, WA.  (Ct. Rec. at 4).  Plaintiffs do not claim Ms. Ramsey is the Benton County Auditor or a chief executive officer.  The County has not been served in accordance with Rule 4(j)(2) or RCW 4.28.080(1); therefore, the County's motion to quash service is granted and all claims against the County are dismissed without prejudice.  *Wright v. Lane County Com'rs*, 459 F.2d 1021, 1022 (9th Cir. 1972).

    3.    Motions to Dismiss Claims Pursuant to Rule 12(b)(6).

    In evaluating a motion to dismiss under Rule 12(b)(6), factual allegations in the complaint are "taken as true" and "construed in the light most favorable" to Plaintiffs.  *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Dismissal is not appropriate unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)(*quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99,(1957).

       a.    Claims under 18 U.S.C. §§ 241, 242 and 1951.

    Plaintiffs allege a "conspiracy" by all defendants in violation of 18 U.S.C. §§ 241, 242 and "extortion" under 18 U.S.C. § 1951.  (Ct. Rec. 1 at 7, 29, 31, 32).  It is well settled that 18 U.S.C. §§ 241 and 242 are federal criminal statutes and, as

such, do not provide for a private cause of action or a basis for civil liability; therefore, Plaintiffs cannot state a claim for which civil remedies may be granted under these statutes. [2] *Aldabe,* 616 F.2d at 1092.

Regarding claims under 18 U.S.C. § 1951, Plaintiffs likewise seek civil remedies under a federal criminal statute that provides no basis for civil liability.  Although a criminal statue may provide an implied private right of action if Congress intends so in the enactment, there is no such clear intent here.  Further, a private remedy will not be implied unless legislative intent can be inferred from statutory language or elsewhere.  The courts that have addressed the issue of a private right of action under this statute have found it to be a "bare criminal statute with no support for a private cause of action in the legislative history." *Wisdom v. First Midwest Bank*, 167 F.3d 402, 408 (8th Cir. 1999)(*citing American Computer Trust Leasing v. Jack Farrell Implement Co.*, 763 F.Supp. 1473, 1497 (D. Minn. 1991); *Peterson v. Philadelphia Stock Exch.*, 717 F.Supp. 332, 336 (E.D. Pa. 1989); *Creech v. Federal Land Bank of Wichita*, 647 F.Supp. 1097, 1099 (D. Colo. 1986)).  As these statutes are criminal statutes, any attempt to amend the Complaint to assert civil liability against

---

[2]  Plaintiffs are advised the filing of criminal charges is solely within the prosecutorial discretion of the United States Attorney's Office.

ORDER DIRECTING AMENDMENT OF COMPLAINT, . . . - 16

any of the defendants would be futile; therefore, claims based on

18 U.S.C. §§ 241, 242 and 1951 are dismissed with prejudice and

without leave to amend.  *See Reddy v. Litton Industries, Inc.*, 912

F.2d, 291, 296 (9th Cir. 1990).

b.    Claims under 42 U.S.C. § 1985(3)

Plaintiffs appear to allege violations of 42 U.S.C. § 1985(3)

under the general heading of Civil RICO and Civil Rights and

several numbered claims against various defendants throughout the

Complaint.  (*E.g.* Ct. Rec. 1 at 9, 11, 17, 24).[3]  To state a claim

under 42 U.S.C. 1985(3), Plaintiffs must allege the following four

elements:

> (1) a conspiracy; (2) for the purpose of depriving,
> either directly or indirectly, any person or class of
> persons of the equal protection of the laws, or of equal
> privileges and immunities under the laws; (3)) an act in
> furtherance of the conspiracy; (4) whereby a person is
> either injured in his person or property or deprived of
> any right or privilege of a citizen of the United
> States.

*United Brotherhood of Carpenters and Joiners of America, Local

610, ALF-CIO v. Scott*, 463 U.S. 825, 828-29, 103 S.Ct 3352 (1983),

---

[3]   As discussed above, and in this court's Order directing

amendment, Plaintiffs' lack of clarity and conciseness in

pleading, as required by Rule 8, has made it virtually impossible

for the court to discern what claims are being brought under what

legal theory, imposing an unfair burden on the litigants and the

court in determining what exactly this case concerns.  *McHenry*, 84

F.3d at 1179-80.

ORDER DIRECTING AMENDMENT OF COMPLAINT, . . . - 17

*rh'g denied*, 464 U.S. 875, 104 S.Ct. 211(1983).  The County contends Plaintiffs have not alleged the second element as defined by the U. S. Supreme Court.

The predominate purpose of 42 U.S.C. 1985(3)(formerly the Klu Klux Act) was to "combat the prevalent animus against Negroes and their supporters" during the Reconstruction era.  *Id.* at 836; *see also* Devin S. Schindler, *The Class-Based Animus Requirement of 42 U.S.C. § 1985(3): A Limiting Strategy Gone Awry?,* Note, 84 Mich.L.R. 88 (1985).  The U.S. Supreme Court has interpreted the second element as requiring an intent to deprive private persons of equal protection of the law or equal privileges under the law; the intent must be specifically motivated by "some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.  *United Brotherhood*, 463 U.S. at 829 (*quoting Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S.Ct. 1790 (1971).  The Ninth Circuit has interpreted the "class-based" requirement to extend beyond race "only when the class in question can show that there has been a governmental determination that the [class] members 'require and warrant special federal assistance in protecting their civil rights.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992).  Further, the U.S. Supreme Court has ruled that this statute is not to be construed as a "general federal tort law." *United Brotherhood*, 463 U.S. at 834-35 (*quoting Griffin*, 403 U.S. at 100).

ORDER DIRECTING AMENDMENT OF COMPLAINT, . . . - 18

Here, the Plaintiffs have not alleged that they are members of any class subject to a conspiracy, or that they are members of a class that Congress has determined warrants special civil rights protection.  Because Plaintiffs have failed to allege this critical fact, they have not stated a claim for which relief can be granted under 42 U.S.C. 1985(3); however, it is not certain from the pleadings whether Plaintiffs can plead such facts; therefore, the County's motion to dismiss with prejudice claims based on 42 U.S.C. 1985(3) is denied; Plaintiffs, as discussed below, will be given an opportunity to file an Amended Complaint to save the claim.  *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 541 (9th Cir. 1984).

C.    McMillen and HAW's Rule 12(b)(5) Motion to Dismiss.

Defendant Robert McMillen (in his corporate and personal capacity), attorney at law, and corporate defendant HAW move the court to dismiss the Complaint against them based on Plaintiffs' failure to properly serve the summons and complaint.  (Ct. Rec. 8).  Copies of the summons and complaint were delivered to the law office receptionist, Julie Mickelson, who placed the copies in Mr. McMillen's in-box.  (Ct. Rec. 11).

Rule 4(e) provides:

**Service Upon Individual Within a Judicial District of the United States.**  Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed . . . , may be effected in any judicial district of the United States: (1) pursuant to the law of the state in which the district court is

located . . . or (2) by delivering a copy of the summons
and of the complaint to the individual personally or by
leaving copies thereof at the individual's dwelling
house or usual place of abode with some person of
suitable age and discretion then residing therein or by
delivering a copy of the summons and of the complaint to
an agent authorized by appointment or by law to receive
service of process.

Fed.R.Civ.P. 4(e).

Washington State law provides:

The summons shall be served by delivering a copy
thereof, as follows: . . . (15) In all other cases, to
the defendant personally, or by leaving a copy of the
summons at the house of his or her usual abode with some
person of suitable age and discretion then resident
therein.

RCW 4.28.080(15).


Regarding service of summons upon HAW, Rule 4(h) provides:

**Service Upon Corporations and Associations.** Unless
otherwise provided by federal law, service upon a
domestic ... corporation or upon a partnership or other
unincorporated association that is subject to suit under
a common name, and from which waiver of service has not
been obtained and filed, shall be effected: (1) in a
judicial district of the United States in the manner
prescribed for individuals by subdivision (e)(1)[the law
of the state], or by delivering a copy of the summons
and of the complaint to an officer, a managing or
general agent, or to any other agent authorized by
appointment or by law to receive service of process . .
. .

Fed.R.Civ.P. 4(h)

Washington State law provides:

The summons shall be served by delivering a copy
thereof, as follows: . . . (9) If the suit be against a
company or corporation other than those designated in
the preceding subdivisions of this section, to the
president or other head of the company or corporation,

> the registered agent, secretary, cashier or managing
> agent thereof or to the secretary, stenographer or
> office assistant of the president or other head of the
> company or corporation, registered agent, secretary ,
> cashier or managing agent.

RCW 4.28.080(9).

Plaintiffs did not respond to McMillen and HAW's motion to dismiss for improper service, thus the court may consider their lack of response as consent to an adverse ruling.  LR 7.1(h)(5). The executed summons in the record indicates Plaintiffs left the summons with "Julie receptionist" for HAW.  (Ct. Rec. 6 at 6, 8, 30).  Because Plaintiffs did not effect service upon McMillen or HAW in compliance with federal or state law, dismissal without prejudice is proper; therefore, the Complaint against Robert McMillen, in his corporate and personal capacity, and against HAW is dismissed without prejudice.  *See Territory of New Mexico ex rel Caledonian Coal Co. v. Baker*, 196 U.S. 432, 444, 25 S.Ct. 375 (1905).  Accordingly, consistent with the decision above,

**IT IS ORDERED:**

1.   Plaintiffs' Motion to Recuse the undersigned (**Ct. Rec. 81**) is **DENIED**.

2.   Plaintiffs' Applications for Default Judgment against all defendants (**Ct. Recs. 18, 20, 22, 24, 26, 28, 30, 32, 34, 36, 38, 40, 42, 46, 48, 50, 52, 54**) are **DENIED**.

3.   Plaintiffs' Motions to Strike Notices of Appearance (**Ct. Recs. 56, 57, 63, 69**) are **DENIED**.

ORDER DIRECTING AMENDMENT OF COMPLAINT, . . . - 21

4.  Plaintiff's Motion to Vacate the Clerk's Scheduling Order (**Ct. Rec. 77, 78**) is **DENIED**.

5.  Defendant Benton County's Motion to Dismiss defendants Brenner, Vining, Marden, Brown, and Miller in their official capacity as County employees (**Ct. Rec. 15**) is **GRANTED**.  Defendants Brenner, Vining, Marden, Brow, and Miller in their official capacity are **DISMISSED AS PARTIES WITH PREJUDICE**.

6.  Defendant Benton County's Motion to Dismiss the County Building/Planning Department as a party (**Ct. Rec. 15**) is **GRANTED**.  Benton County Building/Planning Department is **DISMISSED AS A PARTY WITH PREJUDICE**.

7.  Defendant Benton County's Motion to Quash Service and Dismiss Complaint for ineffective service pursuant to Rule 12(b)(5) (**Ct. Rec. 15**) is **GRANTED.**  The Complaint against the County is **DISMISSED WITHOUT PREJUDICE**.

8.  Defendant Benton County's Motion to Dismiss claims based on federal criminal statutes 18 U.S.C. §§ 241, 242, and 1951 is **GRANTED.**  All claims based on these federal criminal statutes are **DISMISSED WITH PREJUDICE**.

9.  Defendant Benton County's Motion to Dismiss claims based on 42 U.S.C. 1985(3) is **DENIED.**  Plaintiffs are granted leave to amend the Complaint to allege facts, if any, showing they are members of a protected class subject to

a conspiracy.

10. Defendant Robert McMillen, in his corporate and personal capacity, and corporate defendant HAW's Motion to Dismiss pursuant to Rule 12(b)(5) (**Ct. Rec.8**) is **GRANTED** and the Complaint against Robert McMillen and HAW is **DISMISSED WITHOUT PREJUDICE.**

11. The currently scheduled telephonic status conference set for March 24, 2006 at 10:30 a.m. is **RESET** for June 2, 2006 at 8:30 a.m.  The parties remaining in the lawsuit shall call the court's public conference line at (509) 376-1330 at the time scheduled for the conference.

**IT IS FURTHER ORDERED:**

Plaintiffs shall file a **FIRST AMENDED COMPLAINT** in accordance with this order and the provisions of Fed.R.Civ.P. Rules 8 and 10. The present Complaint, which includes exhibits and lengthy internal quotations from a variety of irrelevant materials, is over 40 pages long, is prolix, confusing, conclusory and not in compliance with Rule 8.  Plaintiffs' **FIRST AMENDED COMPLAINT** shall consist of a **short** and **plain** statement of the grounds upon which showing they are entitled to relief.  The averments shall be simple, concise and direct.

Plaintiffs are advised that this court will not accept the **FIRST AMENDED COMPLAINT** if it contains immaterial background information or text extracted from administrative manuals,

ORDER DIRECTING AMENDMENT OF COMPLAINT, . . . - 23

statutes, regulations, case law, etc.  The **FIRST AMENDED COMPLAINT** should consist of factual allegations that show what actions, by whom, and when, are grounds for which cause of action.  The defendants and the court should be able to tell from the **FIRST AMENDED COMPLAINT** what circumstances give rise to the various causes of action.  Plaintiffs are directed to the Fed.R.Civ.P. 84, Appendix of Forms for examples of complaints that adhere to Rule 8 and 10.

**IT IS FURTHER ORDERED:**

The **FIRST AMENDED COMPLAINT will operate as a complete substitute** for (rather than a mere supplement) the present Complaint. Failure to comply with the provisions of Rules 8 and 10 and this order in filing the **FIRST AMENDED COMPLAINT** <u>**by May 1, 2006**</u> may result in dismissal of the Complaint with prejudice.

The District Court Executive is directed to enter this Order and provide a copy to all counsel and *pro se* Plaintiffs.

DATED this 23rd day of March 2006.


                        s/ Lonny R. Suko
                  _____
                        LONNY R. SUKO
                  UNITED STATES DISTRICT JUDGE

ORDER DIRECTING AMENDMENT OF COMPLAINT, . . . - 24